HAUEL (LOW v.). See Case No. 8,560.

## Case No. 6,220.

### The HAUGESUND v. The BOWDOIN.

[36 Leg. Int. 462; 25 Int. Rev. Rec. 386.]

District Court, E. D. Pennsylvania. Oct. 5, 1878.

ADMIRALTY—SAILING AND STEAM VESSEL—COURSES—RIGHT TO TACK BY SAILING VESSEL.

[1. A sailing vessel tacking has almost unlimited discretion to change her tack.]

[2. It is the duty of a steamer to avoid getting into such close proximity to a tacking vessel that a change of her tack might cause a possibility of danger.]

[This was a libel by the bark Haugesund, Bartelson and others, claimants, against the schooner Bowdoin and the tug Cynthia, for damages caused by collision.]

Alfred Driver and J. Warren Coulston, for libellant.

J. B. Roney, for the Bowdoin.

A. L. Wilson and J. G. Johnson, for the Cynthia.

OPINION BY THE COURT. The report of the assessors was presented in the spring of 1877. Further evidence was afterwards adduced, and in November, 1877, the case was reargued. The decision has been deferred, because it was supposed that in another case, or cases, before the circuit court, a question somewhat similar might be considered. It is not easy for a landsman, like myself, or even, perhaps, for a mariner of limited experience,

to conceive rightly the nautical relations between a tacking vessel and one sailing with the wind, or propelled by steam, and especially one propelled by steam. The difficulty arises from a tendency to assume that the tacking vessel may change her tack without the danger of missing stays or of some other retardment, such, for example, as occurred in the present case. But there is almost always more or less of such danger. Therefore, it is, in the opinion of men of nautical experience, always the duty of a steamer to avoid getting into such proximity to a tacking vessel that a change of her tack might cause a possibility of danger. They concur in attributing to the tacking vessel an almost unlimited discretion to change her tack in many cases in which a landsman might suppose that relations of other vessels would require the tack to be prolonged. I always find difficulty in understanding or applying the rules of decision which are proper in such cases. In the present case the schooner was on a tack, and the assessors are of opinion that she had, with relation to the tug, a right to change the tack. For this opinion they give an unanswerable reason. It is, that had she prolonged her former course, extending it inside of the buoy, and then attempted to tack, she must, if she had missed stays, have gone ashore. This opinion of the assessors does not depend upon any question of the depth of water at the buoy, or inside of it, but on the nearness of the shoals on which she would, or might have been wrecked if she had missed stays. The language of the assessors must, in this respect, be understood with reference to variable depths and to the shoals inside of the buoy. When she tacked, it happened that, although her head sheets were lighted up so as to enable her to luff, she did not luff. There had been a possibility that this might happen. The tug being in too close proximity; the collision ensued. For this proximity the tug alone was in fault. One of the assessors thinks that the schooner was remiss in certain particulars which he mentions. But this, if so, would not prevent the tug from being primarily liable for the whole damage suffered by the bark which she had in tow. The case would not be a proper one for dividing the damages. If the owners of the bark should fail to obtain satisfaction from the tug, they might possibly, under the present libel, have an ulterior recourse against the schooner. But no such question arises practically.

The decree must be against the tug for such damage as shall be ascertained to have been suffered by the bark.

[This case, upon appeal to the circuit court by the tug Cynthia, was affirmed. Judge McKennan, who delivered the opinion, refused, however, to affirm the statements of law as to the respective rights of steam and sailing vessels as laid down by the district court. See Case No. 1,067.]